**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| **Donald O. Hurt,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **1:09cv958 (LO/JFA)** |
| | ) | |
| **D. T. Mahon, et al.,** | ) | |
| **Defendants.** | ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

Donald O. Hurt, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant

to 42 U.S.C. § 1983, apparently alleging that he is suffering deliberate indifference to his serious

medical needs. Plaintiff has neither paid the filing fee required by 28 U.S.C. § 1914(a) nor applied

to proceed in forma pauperis in this action. After reviewing plaintiff's complaint, the claim against

the defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

**I.**

Plaintiff, an inmate confined at Haynesville Correctional Center, alleges that he was

diagnosed in early 2008 by the institutional doctor with having cataracts in both eyes. A doctor at

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event,
> as soon as practicable after docketing, a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims
> or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief
>> can be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such
>> relief.

the MCV Hospital Eye Clinic confirmed the diagnosis in July, 2008, and told plaintiff that he needed surgery to have both cataracts removed. However, institutional physician Dr. Johnson told plaintiff that his eyesight was not bad enough for surgery, and that plaintiff had less than two years left on his sentence. Beginning in September, 2008, plaintiff started the grievance procedure, seeking surgery to remove the cataracts from both of his eyes. In October, 2008, surgery was approved, and plaintiff underwent surgery to remove the cataract from his left eye at the MCV Hospital Eye Clinic in January, 2009. However, in March, 2009, surgery for the cataract in plaintiff's right eye was denied, and plaintiff began a second grievance procedure seeking a second surgery. Plaintiff has attached exhibits to his complaint which show that he pursued his grievance to Level II Health Services Director of the Virginia Department of Corrections ("VDOC"), the last level of appeal for plaintiff's complaint, which determined that his claim was unfounded.

While plaintiff does not use the term, it can fairly be inferred that he intends to claim that the denial of a second cataract surgery amounts to deliberate indifference to his serious medical needs, in violation of his rights under the Eighth Amendment.[2] Plaintiff seeks injunctive relief in the form of an order directing that the surgery be performed.

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915A(b)(1).  Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker,

---

[2]It is well established that courts are obliged to construe pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

## III.

To state a cognizable Eighth Amendment claim for denial of medical care, plaintiff must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995). To establish that inadequate medical treatment rises to the level of a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 105; see also Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Thus, plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need.

Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). However, the prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted). A prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

At this juncture, it is apparent that plaintiff's claim of inadequate medical care fails to meet the requirements for an actionable Eighth Amendment violation. As to the first prong of the standard applicable to such a claim, it is doubtful that a cataract is a sufficiently serious medical need to support an Eighth Amendment violation.[3] Cf. Cooper, 814 F.2d at 945. However, even assuming *aguendo* that plaintiff's cataracts could be considered sufficiently serious to satisfy the first element of an Eighth Amendment claim, his allegations regarding the prison medical staff's efforts to treat that condition belie his assertion that defendants were deliberately indifferent to his medical needs. According to plaintiff's own account, he was provided with surgery to remove the cataract from his left eye, so clearly there was no deliberate indifference to plaintiff's overall vision problems, either through actual intent or reckless disregard. Cf. Miltier, 896 F.2d at 851. As to the cataract remaining on plaintiff's right eye, which is the focus of the instant complaint, plaintiff's grievances seeking removal of that cataract were deemed unfounded by VDOC's Health Services Director on May 13, 2009, because "[t]here is no medical indication for surgery at this time." See Inmate Grievance Response Form, Level II. Thus, plaintiff's insistence that the second cataract surgery is immediately necessary amounts to a disagreement with prison medical personnel over the course of his treatment, which as a matter of law is insufficient to state a claim for § 1983 relief. Wright, 766 F.2d at 849; Russell, 528 F.2d at 319.

Throughout the administrative grievance process reflected in the attachments to the complaint, plaintiff makes repeated mention of the fact that he is due to be released from

---

[3]In his "regular grievance" dated April 4, 2009, plaintiff states that the cataract in his right eye causes his vision to be cloudy and "empowered," that he sees "shimmers and light dancing in the sunlight," and that at night "lights look like starbursts." Nowhere in any of his submissions to the Court does plaintiff claim to suffer pain as the result of his condition.

incarceration in April, 2010, and will be on a limited income thereafter, so he needs to get the surgery performed on his right eye before his release. However, as noted, the surgery plaintiff requests has been determined not to be medically indicated at present, and there is no authority which suggests that prison authorities are obliged to provide plaintiff with such care prophylactically, as a hedge against the possibility that he might require such a procedure after his release and be unable to afford to pay for it. See generally, Couch v. Wexler, 2007 WL 2728987 (N.D. Ga. Sept. 13, 2007) at *7, n.4 (state has no duty to provide a former inmate with surgery following his release when state imposed no restriction on former prisoner's ability to procure treatment on his own behalf).

## IV.

For the foregoing reasons, plaintiff's complaint states no claim for violation of his rights under the Eighth Amendment, and  must be dismissed for failure to state a claim.  28 U.S.C. § 1915A(b)(1).

Accordingly, it is hereby

ORDERED that plaintiff's complaint be and is DISMISSED, WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[4] this dismissal may affect his ability to proceed in forma pauperis in future civil actions; and it is further

---

[4] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under  this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order.  Fed R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send of copy of this Memorandum Opinion and Order to plaintiff and to close this civil case.

Entered this 31st day of __August__ 2009.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge